UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| *DAVID PEABODY GRANT,* )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>*CAROLYN W. COLVIN,* )<br>*Acting Commissioner of Social Security,* )<br>)<br>*Defendant* ) | *No. 2:15-cv-390-JAW* |

*RECOMMENDED DECISION ON MOTION TO DISMISS*

The defendant, the Acting Commissioner of Social Security, moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to which relief can be granted, asserting that it was filed beyond the time limit permitted by 42 U.S.C. § 405(g). *See* Defendant's Motion to Dismiss ("Motion") (ECF No. 9); Memorandum of Law in Support of the Commissioner's Motion To Dismiss ("Memorandum") (ECF No. 10) at 3-5. I recommend that the court grant the Motion.

### I.  Applicable Legal Standards

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads

1

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II.  Factual Background[1]

The plaintiff's complaint seeks judicial review of a decision denying his claim for Social Security benefits. *See* Complaint (ECF No. 1). The complaint was filed on September 28, 2015. *See id.* The notice from the agency's Appeals Council, informing the plaintiff that his administrative appeal had been denied and that he had the right to file an action in federal court for judicial review of that decision within 60 days of his receipt of the notice, is dated July 21, 2015. *See* Declaration of Kathie Hartt, Court Case Preparation and Review Branch 2, Office of Disability Adjudication and Review, Social Security Administration ("Hartt Decl.") (ECF No. 11) ¶ 3(a) & Exh. 2 (ECF No. 11-2) thereto. The plaintiff requested no extension of time within which to file his complaint. *See* Hartt Decl. ¶ 3(b).

---

[1] The facts contained in this section have not been disputed by the plaintiff.

The plaintiff avers that (i) he recalls that he received notice of the Appeals Council's decision on or after August 1, 2015, (ii) after receiving that notice, he contacted his former representative, Peter Clifford, to determine his options, (iii) Mr. Clifford referred him to attorney Riley L. Fenner, and, (iv) on or about August 4, 2015, he sent Attorney Fenner a facsimile containing a copy of the Appeals Council's decision and his telephone contact information. *See* Affidavit of Plaintiff David Peabody Grant in Opposition to Defendant's Motion To Dismiss ("Grant Aff.") (ECF No. 12-1), attached to Defendant's Response in Opposition to Plaintiff's Motion To Dismiss ("Opposition") (ECF No. 12); copy of facsimile transmission from plaintiff (ECF No. 12-2), attached to Grant Aff.[2]

### III. Discussion

As the commissioner notes, *see* Memorandum at 3, 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). By regulation, the commissioner has provided that the 60-day period begins to run upon a claimant's receipt of such notice, which is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). "[O]nce the presumption has been rebutted, the *Commissioner* must prove that the claimant received actual notice more than 60 days prior to filing the complaint in district court." *McLaughlin v. Astrue*, 443 Fed. Appx. 571, 575 (1st Cir. 2011) (citation and internal punctuation omitted) (emphasis in original).

---

[2] The plaintiff also attaches to his affidavit copies of two checks from himself to Attorney Fenner in the amount of $200 each, one dated September 1, 2015, and one dated October 2, 2015. *See* ECF No. 12-3, attached to Grant Aff.

3

"It is well-established that the 60-day filing period set forth in 42 U.S.C. § 405(g) is not jurisdictional, but rather constitutes a statute of limitations." *Piscopo v. Secretary of Health & Human Servs.*, No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994). "As such, the limitation period constitutes a condition on the waiver of sovereign immunity that must be strictly construed." *Id*. "Thus, 42 U.S.C. § 405(g) generally precludes late judicial challenge to the denial of benefits." *Id.* (citation and internal quotation marks omitted).

The commissioner observes that, allowing five days for receipt of the Appeals Council's July 21, 2015, notice, the plaintiff's complaint was due on or before Thursday, September 24, 2015. *See* Memorandum at 4. Yet, it was filed on September 28, 2015. *See* ECF No. 1. The plaintiff does not contest this calculation but, rather, argues that he had 60 days from his *actual* receipt of the Appeals Council's notice on or about August 1, 2015, or until September 30, 2015, to file his complaint. *See* Opposition at 1-2.

However, as the commissioner argues, *see* Defendant's Reply to Plaintiff's Opposition to the Motion To Dismiss ("Reply") (ECF No. 13) at 2, the plaintiff's evidence is insufficient to rebut the statutory presumption that he received the notice within five days of its mailing. "[I]t is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption." *McLaughlin*, 443 Fed. Appx. at 574. *See also, e.g., McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) (averments of both claimant and his attorney that neither received notice of an Appeals Council's decision until after the expiration of the five-day presumptive period insufficient); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) ("In the present case, plaintiff's only effort to rebut the presumption is a one-page memorandum in opposition and a two-paragraph affidavit wherein plaintiff simply avers he received the notice

4

dated May 9, 1988, on May 23, 1988, without further elaboration or explanation. The court believes this effort is inadequate to rebut the 5-day presumption.").

As in *Leslie*, the plaintiff's averment that he received the notice on or about August 1, 2015, is all that he offers. The fact that, after communicating with his former representative, he faxed a copy of the Appeals Council's notice to Attorney Fenner on August 4, 2015, *see* ECF No. 12-2, begs the question of when he received the notice.[3] While it is consistent with his recollection, it could also be consistent with an earlier receipt. The fact that he thereafter sent checks to Attorney Fenner has even less bearing on the matter at hand.[4]

### IV. Conclusion

The plaintiff having fallen short of demonstrating that his complaint was timely filed, he fails to state a claim as to which relief can be granted. Accordingly, I recommend that the Motion be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

---

[3] The plaintiff does point to evidence that, despite the commissioner's representation to the contrary, his former representative did not receive a copy of the Appeals Council's notice. *See* Opposition at 1; *compare* Hartt Decl. ¶ 3(a) (Appeals Council sent copy of July 21, 2015, notice to plaintiff's representative) *with* Exh. 2 to Hartt Decl. (containing no indication that plaintiff's representative was copied). However, even assuming that the plaintiff's representative did not receive notice, that is of no moment given that the plaintiff did. The question is when.

[4] I do not understand the plaintiff to seek equitable tolling of the deadline. *See generally* Opposition. However, to the extent that he does, I agree with the commissioner that he fails to make the requisite showing that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way, preventing timely filing. *See* Memorandum at 4-5; Reply at 3-4; *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755-56 (2016).

Dated this 27th day of June, 2016.

                                               /s/  John H. Rich III
                                               John H. Rich III
                                               United States Magistrate Judge